**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Mack Industries, Ltd.**, *et al.*, | Bankruptcy No. 17-09308 |
| Debtors. | Honorable Carol A. Doyle |

**FOURTH AMENDED ORDER APPROVING
PROCEDURES GOVERNING AVOIDANCE ACTIONS**

This matter coming to be heard on the motion (the "Motion") of Ronald R. Peterson, not individually but in his capacity as the trustee (the "Trustee") for the bankruptcy estates (the "Estates") of Mack Industries, Ltd., *et al.* (the "Debtors"), for entry of an order (the "Procedures Order") to amend the procedures governing the avoidance actions filed by the Trustee and his special litigation counsel, FactorLaw, in connection the above-captioned Chapter 7 cases;

**IT IS ORDERED THAT**:

1. The Motion is granted.

2. **Applicability**. The procedures (the "Procedures") set forth herein shall apply to all avoidance actions identified in **Exhibit 1** as attached to this order (collectively, the "Avoidance Actions"). A docket entry shall be made in each of the Avoidance Actions substantially as follows:

> A Fourth Amended Order Approving Procedures Governing Avoidance Actions has been entered in the Bankruptcy Case. The Fourth Amended Procedures Order applies to this case unless, within twenty-one (21) days, the Defendant files an objection in this case, which objection may only be based upon exceptional circumstances that establish good cause for why certain provisions of the Fourth Amended Procedures Order should not apply.

3. **Omnibus Hearings**. The first omnibus hearing with respect to the Avoidance Actions occurred on Wednesday, May 22, 2019 at 10:45 a.m.

{00208922}

Commencing November 1, 2021, Omnibus Hearings will be conducted on the third Thursday of each month at 11:00 a.m., or such other date as the Court may direct.

Except as otherwise ordered by the Court, all matters concerning any Avoidance Action shall be heard only at Omnibus Hearings before the Honorable Carol A. Doyle, at which there may be status conferences, final pretrial conferences and hearings on motions, if any.

No Defendant is required to appear at any Omnibus Hearing unless: (i) a contested motion pertaining to such Defendant's Avoidance Action is calendared to be considered at the Omnibus Hearing; (ii) the Court has directed such Defendant to appear; or (iii) the Trustee's counsel has provided ten (10) days' prior written notice by email, facsimile transmission or overnight courier to such Defendant or, if represented, its counsel of its need to appear at an Omnibus Hearing. To the extent a Defendant in any Avoidance Action wishes to appear at an Omnibus Hearing, the defendant or its counsel must notify the trustee's counsel of same, in writing, ten (10) das prior to said hearing so that the Trustee's counsel may properly prepare to address any issues or concerns at the Omnibus Hearing or in advance thereof.

All motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at an Omnibus Hearing that is at least fourteen (14) calendar days after such motion, pleading, request for relief or other materials are filed and served. This does not limit a party's right to seek expedited consideration of a motion or other request for relief pursuant to Local Rule 9013-2.

4. **Mediation**. The following alternative dispute resolution procedures (the "Mediation Process") apply:

    a. *Applicability*. The Mediation Process applies to all Avoidance Actions, unless:

    i. The Avoidance Action has been settled or otherwise resolved by November 6, 2020;

    ii. The parties agree in writing that the Mediation Process does not apply;

    iii. The applicable Defendant files a notice in the Avoidance Action electing not to participate in the Mediation Process by the following date:

        1. For each Avoidance Action in which there is a pending motion to dismiss or motion for summary judgment as October 23, 2020, the 28th day after the Court rules on the motion; or

        2. For all other Avoidance Actions, November 6, 2020.

b. *Location.* Mediations will be held remotely via Zoom or similar videoconferencing system unless both parties and the Mediator agree to a different method or location.

c. *Mediators.* Mediations will be conducted by either Howard Adelman, Prof. Ralph Brubaker, Prof. Bruce Markell, or Prof. Charles Tabb (the "Mediators"). The parties may, by mutual agreement, select a different mediator, which selection need not be filed with the Court.

d. *Mediator selection.*

    i. For each Avoidance Action subject to the Mediation Process, the Defendant shall (i) choose a Mediator from the list of Mediators and (ii) notify the Trustee of Defendant's choice of Mediator by e-mail to jpaulsen@wfactorlaw.com or letter to Jeffrey K. Paulsen, 105 W. Madison, Suite 1500, Chicago, IL 60602.

    ii. For each Avoidance Action in which there is a pending motion to dismiss or motion for summary judgment as October 23, 2020, unless otherwise ordered by the Court, the Defendant shall select a

      Mediator by the 28th day after the Court rules on the motion. For all other Avoidance Actions, the Defendant shall select a Mediator by November 19, 2020.

   iii. If any Defendant does not timely choose a Mediator, the Trustee shall assign a Mediator to the case.

e. *Scheduling.* By November 6, 2020, the Mediators will provide a list of available dates to the Trustee, who will make those dates available to the Defendants via a website. Mediation days will be available on a first-come, first-served basis.

f. *Participation in mediation.* Parties who participate in mediation must do so as scheduled and in good faith, with a view toward reaching a consensual resolution. Unless the parties and the Mediator otherwise agree, *each mediation must be attended by a representative for each of the parties with full settlement authority and by counsel for the Defendant*, if Defendant is represented by legal counsel, as well as counsel for the Trustee (who must have settlement authority).

g. *Mediator's Directives.*

   i. The Mediator, in a separate document or other communication that does not need to be filed with the Court, must require that the parties provide him or her with relevant papers and exhibits, position statements, and settlement proposals for use during mediation at least seven days before the scheduled mediation. Except as otherwise agreed in writing by the parties and the Mediator, at a minimum, the parties shall (i) exchange position statements (each limited to five double-spaced pages, *which shall contain a good-faith settlement proposal*) and (ii) provide copies of such statements to the Mediator.

   ii. In the Mediator's discretion, upon notice (which does not need to be filed with the Court), the Mediator may:

1. adjourn a mediation with the consent of all the parties;

2. continue a mediation, with the consent of all parties, if the Mediator determines that a continuation is in the best interests of the parties; or

3. terminate the mediation if the Mediator believes that one or more parties is not proceeding in good faith or has violated the Mediation Process in any material way.

h. *Document production.* Prior to mediation, the parties must produce documents that are reasonably requested by the opposing party and that are necessary for an effective mediation. In the event the parties cannot agree upon the reasonable scope of documents to be produced, parties shall have the right to seek leave of the Bankruptcy Court to request additional production of documents.

i. *Failure to comply.* Upon notice and a hearing, a party's failure to appear at mediation or otherwise comply with the Mediation Process with respect to mediation may result in the Court imposing sanctions against the noncompliant party.

j. *Confidential settlement communications.* Under Rule 408 of the Federal Rules of Evidence, all settlement discussions and communications by, between, and among the parties in connection with a mediation shall be confidential and inadmissible at trial.

k. *Mediation fees and costs.*

   i. The fees and costs of the Mediator (the "Mediation Fee") shall be paid equally by the parties on a fixed-fee schedule as set forth below.

| Claim Amount (as Reflected in Complaint) | Flat-Fee Amount per Case |
|---|---|
| $100,000 or less | $3,000 |
| Greater than $100,000 up to and including $250,000 | $4,000 |
| Greater than $250,000 up to and including $1,000,000 | $5,000 |
| Greater than $1,000,000 | $6,000 |

ii. The parties shall pay one-quarter of the Mediation Fee at least seven business days prior to the commencement of mediation (the "Initial Mediation Fee"). The remaining fee will be paid by the parties on the date of mediation, should the mediation go forward. If the parties settle prior to the mediation, the Mediator must be informed of the settlement prior to seven calendar days before the scheduled mediation or the full Initial Mediation Fee is nonrefundable.

iii. Defendants that have multiple Avoidance Actions (if any) in the underlying bankruptcy case pending against them may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all related Avoidance Actions.

iv. If the parties mutually request that a Mediator travel to a location that is greater than 50 miles from Chicago, Illinois, (or, if the Mediator lives more than 50 miles from Chicago, a location that is greater than 50 miles from the Mediator's home) and the Mediator agrees to the location, the Mediation fee shall increase by $1,000.

v. Mediation that is continued for more than one calendar day will be continued on a fixed-fee basis at 50% of the rates set forth above, for each additional day beyond the first calendar day. For

      illustrative purposes, if a Mediation in a case involving $1,000,001 proceeds for two days and concludes on a third day (with no travel greater than fifty miles from Chicago), the applicable Mediation Fee will be $6,000 (day 1), $3,000 (day 2), and $3,000 (day 3), for a total amount of $12,000.

  vi. The Trustee is hereby authorized to compensate the Mediators and pay the Mediator Fees in the ordinary course of business as an ongoing administrative expense of the Debtors' estates, in accordance with the rates and amounts set forth herein without further order of the Court. In addition, if the contracts and understanding governing a Mediator's access to electronic research tools would preclude use of such tools for a mediation, and the Mediator believe that use of such tools is appropriate or necessary, then the Trustee's counsel is authorized to provide such research services to the Mediator. The Mediators shall not be required to file fee applications with the Court.

l. *Mediator conflicts.* No Mediator shall mediate an Avoidance Action in which the Mediator or the Mediator's law firm represents a party. If a Mediator's law firm represents a Defendant in any other Avoidance Action, such Mediator shall take all steps necessary to establish an ethical wall as required by the Illinois Rules of Professional Conduct, including, but not limited to, the following: (i) the Mediator shall not personally participate in the representation of that Defendant; (ii) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (iii) any discussions concerning that Avoidance Action by employees of the law firm shall exclude the Mediator. So long as the ethical wall is effectively established and maintained, the Mediator's participation in the Mediation Process shall not create a conflict of interest with respect to the representation of any such Defendants by the Mediator's law firm.

    m. *Mediator testimony.* The Mediator shall not be called as a witness by any party except as set forth in this Paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediator or the agents, partners, or employees of the Mediator's respective law firms. Neither the Mediators nor their respective agents, partners, law firms, or employees (i) are necessary parties in any proceeding related to the mediation or the subject matter of the mediation, nor (ii) shall be liable to any party for any act or omission in connection with any mediation conducted pursuant to this Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the completion of the Mediation Process, unless otherwise ordered by the Court. However, a Mediator may be called as a witness by any party and may be compelled to testify and/or answer discovery on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as required in this Order.

5. **Discovery:**

    a. Discovery must proceed immediately in every adversary proceeding unless, as of August 12, 2021: (1) a motion to dismiss is pending, (2) the defendant has not opted out of mediation but mediation is not yet completed, or (3) the defendant has not filed an answer. Cases in which a motion for summary judgment is pending on the date this order is entered or is filed after entry of this order are included in the cases in which discovery must proceed immediately, unless the court orders otherwise in a specific adversary proceeding.

    b. In any case in which discovery must proceed immediately under subparagraph (a), the following deadlines apply:

        i. All discovery, including expert discovery, must be completed by December 31, 2021.

    c. In any case in which mediation is concluded after August 12, 2021, but the parties do not settle the case, the trustee must file a notice in the adversary proceeding stating the when the mediation concluded and discovery must proceed in the case as follows:

        i. Initial disclosures must be served by the 21st day after the date the mediation concluded.

        ii. All discovery, including any expert discovery, must be completed by 180 days from the date the mediation concluded.

    d. In any case in which a motion to dismiss was pending on August 12, 2021, and the motion is later denied (in whole or in part), discovery must proceed as follows:

        i. Initial disclosures must be served by the 21st day after the date of entry of the order denying the motion to dismiss.

        ii. All discovery, including any expert discovery, must be completed by 180 days from the date of entry of the order denying the motion to dismiss.

    e. In any case not otherwise covered by this paragraph and in which the defendant did not file an answer before August 12, 2021, discovery must proceed as follows:

        i. Initial disclosures must be served by the 21st day after the date the answer is filed.

        ii. All discovery, including expert discovery, must be completed by 180 days from the date the answer is filed.

    f. The deadlines contained in this order supersede any prior order entered in any Avoidance Action except Case No. 19-ap-00479, Peterson, trustee v. American Builders & Contractors Supply Co. Inc. d/b/a ABC Supply Co. Inc. The deadlines imposed in this section may be extended or otherwise modified only by further court order.

6. **Objections**. Starting on the date the docket entry is made pursuant to paragraph 1 of this Fourth Amended Order, the Defendant shall have 21 days to object to the Fourth Amended Order by filing an objection in the Avoidance Action, which objection may only be based upon good cause for why one or more provisions of this Fourth Amended Order should not apply to the particular Defendant in the Avoidance Action, including lack of notice of the Motion (a "Timely Objection"). Upon receipt of a Timely Objection, and provided the Trustee and the Defendant do not otherwise agree to resolve such Timely Objection (with the resolution to be filed with the Court), the Court may hear such Timely Objection at the next monthly Omnibus Hearing, and determine whether and to what extent the Fourth Amended Order shall apply to an objecting Defendant.

Dated: October 21, 2021        **Enter:**

_____
United States Bankruptcy Judge

Prepared by:
Jeffrey K. Paulsen (6300528)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-0969
Fax:   (847) 574-8233
Email: jpaulsen@wfactorlaw.com

{00208922}                    —10—

**Exhbit 1**

| Case No. | Defendant |
|---|---|
| 19-ap-00145 | Only Plumbing 2, Inc. |
| 19-ap-00148 | Premier Electric Services Corp. |
| 19-ap-00153 | Michael Rzeminski, Sr. |
| 19-ap-00155 | Ihab Shenouda |
| 19-ap-00167 | What Will They Do Next, LLC |
| 19-ap-00169 | Ismael Davila |
| 19-ap-00171 | D S Electric & Remodeling, Inc. |
| 19-ap-00174 | Flores Construction Services, Inc. |
| 19-ap-00183 | Timothy Beasley |
| 19-ap-00200 | Karen Butler d/b/a Homes Plus |
| 19-ap-00213 | Nasser Murad |
| 19-ap-00215 | Daniel Paparelli |
| 19-ap-00217 | Pittacora Law Group, LLC |
| 19-ap-00228 | Charles Snyder |
| 19-ap-00271 | Ann Heitner |
| 19-ap-00276 | Ayman Ibrahim |
| 19-ap-00341 | JAZ-C Consulting, Inc. |
| 19-ap-00350 | JV's Flooring, Inc. |
| 19-ap-00368 | Synchrony Bank and Lowe's Companies, Inc. |
| 19-ap-00369 | Luis Octavio Maya |
| 19-ap-00371 | City of Oak Forest |
| 19-ap-00372 | Capital One N.A., Capital One Financial Corp. and Menard Inc. |
| 19-ap-00374 | Chase Bank USA N.A., JPMorgan Chase Bank N.A. and JPMorgan ChaseCo. |
| 19-ap-00378 | Cook County, Illinois |
| 19-ap-00379 | Fidal Ramirez |
| 19-ap-00382 | First Secure BankTrust Co., successor to American Heartland Bank & Trust |
| 19-ap-00384 | First Secure Community Bank |
| 19-ap-00401 | Mack Developers Inc. |
| 19-ap-00438 | ABC Tile and Chris Chlebek |
| 19-ap-00445 | Home Designs Warehouse Inc. d/b/a HDW Commercial Interiors |
| 19-ap-00450 | Ideal Custom Designs Inc. |
| 19-ap-00457 | City of Berwyn |
| 19-ap-00458 | Todd Irmen |
| 19-ap-00459 | Bestway Heating Company Inc. |
| 19-ap-00461 | Bounds and Family |
| 19-ap-00465 | J.P. Plumbing Inc. |
| 19-ap-00477 | Consola Construction Inc. |
| 19-ap-00478 | Leading Edge Corp. |
| 19-ap-00479 | Construction Development Strategies Corp. |
| 19-ap-00480 | City of Country Club Hills |
| 19-ap-00481 | Toyota Motor Credit Corp. d/b/a Lexus Financial Services |
| 19-ap-00486 | M.J. Lane Incorporated |
| 19-ap-00499 | Platinum Properties Investor Network Inc. |
| 19-ap-00502 | R & S Garage Door Service Inc. |
| 19-ap-00504 | Real Wealth Network Inc. |
| 19-ap-00505 | Republic Services Inc. |
| 19-ap-00509 | Riverton Cabinet Company |

**Exhbit 1**

| | |
|---|---|
| 19-ap-00515 | Strimel Construction and Project Management Services Inc. and Strimel Home Improvements |
| 19-ap-00524 | Workman Inc. |
| 19-ap-00525 | DDT Home Transformations LLC |
| 19-ap-00528 | Dream Home Estates Inc. |
| 19-ap-00529 | DWC Chicago Ltd. |
| 19-ap-00533 | Emerald Bloom Landscaping Inc. |
| 19-ap-00537 | Fay's Point Town Home Condominium Association |
| 19-ap-00539 | Firm Investments Inc. |
| 19-ap-00546 | Gonzalez Flooring |
| 19-ap-00555 | Village of Hazel Crest |
| 19-ap-00561 | Will County |
| 19-ap-00576 | Colony American Finance Lender LLC, CAF REO-1 LLC, and Mack LOC I LLC |
| 19-ap-00578 | Advanced Home Remodeling Inc. |
| 19-ap-00579 | Mack Investments I LLC, Mack Investments I LLC Fay's Point Townhomes 1 Series, Mack Investments I LLC Fay's Point Development Series, Mack Investments I LLC Fay's Point Marina Series, Mack Investments I LLC Fay's Point Townhomes II Series, Mack Investments I LLC 6441 S. Ellis Series, Mack Investments I LLC Cityscape Townhomes Series, and Mack Investments I LLC Series 1365-67 River Road |
| 19-ap-00580 | Mack Investments II LLC, Mack Investments II LLC Series 183rd Street Commercial, Mack Investments II LLC Series 6820 Centennial Drive, Mack Investments II LLC Series 6787 159th Street, Mack Investments II, LLC Series 15285 State, and Mack Investments II LLC Series 6800 Centennial |
| 19-ap-00581 | Mack Services, LLC |